#### DAVIS v. STATE.

Ohio Supreme Court.

No. 20569. Decided Jan. 18, 1928.

Error to Cuyahoga Appeals.

Judgment affirmed.

552. FORTUNE TELLING—
1. Sec. 13145 GC., penalizing, not unconstitutional.

2. A fortune teller is one who pretends to a knowledge of futurity and foretel's events of one's life.

3. This section not invalid because fortune telling not specifically defined therein.

4. To constitute an offense, person need not hold himself out as one, to more than one person.

5. Not a defense that accused is a member of a religious society, and that the alleged representations were a part of offender's religious belief.

291. CONSTITUTIONAL LAW—Constitutional guarantee of liberty of speech, does not deprive state of its police power to pass laws for public safety, morals, and general welfare.

MARSHALL, CJ.

1. Section 13145, General Code, prohibiting and penalizing fortune-telling does not violate either Section 1 or 2 of Article 1 of the Ohio

Constitution or Section 1 of the 14th Federal Amendment.

2. A fortune-teller is one who pretends to a knowledge of futurity and foretells the events of one's life. Section 13145, General Code, is not rendered invalid by the term fortune-telling not having been specifically defined.

3. The constitutional guaranty of liberty of speech does not deprive the state of its police power to enact laws for the protection of the public safety and morals and the protection of the general welfare.

4. In order to constitute an offense against Section 13145, General Code, it is not necessary that a person should hold himself out as a fortune-eeller to more than one person.

5. It is not a defense to a prosecution under Section 13145, General Code, that the accused is a member of a religious society and that the representations made alleged to constitute the offense was a part of the religious belief of the alleged offender.

(Day, Allen, Kinkade and Jones, JJ., concur.)